United States District Court
Southern District of Texas
**ENTERED**
December 11, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. H-10-564 |
| v. | § | |
| | § | CIVIL ACTION NO. H-20-2061 |
| CHRIS MONTELONGO | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Chris Montelongo, a federal prisoner proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Docket Entry No. 93.) The Government filed a motion to dismiss premised on expiration of limitations, and served Defendant a copy at his address of record on August 19, 2020. (Docket Entry No. 103.) To-date, Defendant has failed to respond to the motion.

Having considered the section 2255 motion, the motion to dismiss, the record, and the applicable law, the Court **GRANTS** the motion to dismiss and **DISMISSES** Defendant's section 2255 motion for the reasons shown below.

**I. BACKGROUND AND CLAIMS**

On September 28, 2010, Defendant pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; and possession of a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. On November 3, 2011, the Court sentenced defendant to 260 months' imprisonment through the Bureau of Prisons, to be followed by five years of supervised release. Judgment was entered on November 7, 2011. (Docket

Entry No. 84.) No appeal was taken. On April 28, 2015, the Court reduced defendant's sentence to 248 months' imprisonment under 18 U.S.C. § 3582(c)(2), pursuant to retroactive sentencing guideline changes. (Docket Entry No. 87.)

On June 8, 2020, defendant filed the instant motion for relief under section 2255, claiming entitlement to new sentencing under *United States v. Davis*, ___ U.S.C. ___, 139 S. Ct. 2319 (June 24, 2019). He additionally raised claims for prosecutorial misconduct and ineffective assistance of counsel. The Government argues that the motion should be dismissed as barred by limitations. Defendant has not contested the Government's motion to dismiss.

## II. LEGAL STANDARDS

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to section 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on

direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

The pleadings of a *pro se* prisoner litigant are reviewed under a less stringent standard than those drafted by an attorney, and are provided a liberal construction. *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, a *pro se* litigant is still required to provide sufficient facts to support his claims, and "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Accordingly, "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertion on a critical issue in his *pro se* petition . . . to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

### III. ANALYSIS

Limitations in section 2255 proceedings is governed by 28 U.S.C. § 2255(f). Under section 2255(f)(1), a section 2255 motion is due one year from "the date on which the judgment of conviction [became] final." Here, judgment was entered on November 7, 2011, and no further relief was sought until 2015. Thus, defendant's convictions became final fourteen days later on November 21, 2011, when the time allowed for filing a notice of appeal in a criminal case expired. *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008); FED. R. APP. P. 4(b)(1)(A). Limitations expired one year later, on November 21, 2012. The instant motion, filed no earlier than May 26, 2020, is untimely.

In his claim for prosecutorial misconduct, defendant contends that the criminal offenses to which he pleaded guilty were fictitious, and that the Government violated *Brady* by suppressing evidence of the offenses' fictitious natures. He proffers no factual allegations that would support the timeliness of his section 2255 motion, and these claims are barred by limitations. Even if the Court were to apply the date of the revised judgment – April 28, 2015 – for purposes of section 2255(f)(1), the instant section 2255 motion would remain untimely by at least four years.

In his claim for ineffective assistance of counsel, defendant complains that trial counsel counsel failed to challenge the allegedly faulty criminal charges, and allowed him to sign an unconstitutional plea agreement. Again, defendant pleads no factual allegations that would support the timeliness of his section 2255 motion, and these claims are barred by limitations.

Defendant fares no better on his *Davis* claim. Under the alternative limitations provision of section 2255(f)(3), a section 2255 motion is due one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Supreme Court issued *Davis* on June 24, 2019, and defendant filed his section 2255 motion within one year after that date. However, *Davis* has no factual or legal application to defendant's convictions or sentences. In *Davis*, the Supreme Court held as unconstitutionally vague the definition of a "crime of violence" in the residual cause of

18 U.S.C. § 924(c)(3)(B). Defendant in the instant case was convicted and sentenced under 18 U.S.C. § 924(c)(1)(A), which makes it a crime to use or carry a firearm during and in relation to either a "crime of violence" or a "drug trafficking crime." The residual clause held unconstitutional in *Davis* is relevant only to the definition of a "crime of violence." Defendant's criminal convictions and sentences involved the use or carrying of a firearm during a drug trafficking crime. Consequently, *Davis* is inapplicable to defendant's case and provides no basis for holding his section 2255 claims timely.

The Government is entitled to dismissal of defendant's section 2255 motion as barred by limitations.

## IV. CONCLUSION

The Government's motion to dismiss (Docket Entry No. 103) is **GRANTED** and defendant's section 2255 motion (Docket Entry No. 93) is **DISMISSED WITH PREJUDICE** as barred by limitations. A certificate of appealability is **DENIED**. The related civil case, C.A. No. H-20-2061 (S.D. Tex.) is **ORDERED ADMINISTRATIVELY CLOSED**.

Signed at Houston, Texas, on this the 11th day of December, 2020.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE